CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 18, 2024
LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHARLES BRANDON PARKS, | ) | |
| | ) | Civil Action No. 7:22cv00294 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDALL LOWE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Charles Brandon Parks, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against several people involved in his state criminal conviction and subsequent incarceration. Parks seeks leave to proceed *in forma pauperis* with this action. Having reviewed Parks's application and amended complaint, the court will grant his request to proceed *in forma pauperis* but concludes that Parks's claims are barred by the statute of limitations. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

In his amended complaint, Parks alleges that in 2002, defendants Commonwealth's Attorney Evans, Judge Lowe, Probation Officer Weaver, and attorney Haugh conspired "to convict [him] of a misdemeanor that was almost [4 years] old," in violation of the Fourteenth Amendment, and denied him assistance of counsel, in violation of the Sixth Amendment.[1]

---

[1] The court notes that Parks previously raised several of the claims raised in this action in *Parks v. Lowe, et al.*, Civil Action No. 1:09cv70 (pending approximately 16 months through appeal), and *Parks v. Lowe, et al.*, Civil Action No. 7:21cv614 (pending approximately 2 months). Several of the defendants' titles are take from Civil Action No. 1:09cv70, ECF No. 62. To the extent Parks raises claims that he already litigated to their merits in prior civil actions in this court, his claims are barred under the doctrine of *res judicata. See Jones v. Brown,* No. 3:20cv331-HEH, 2021 U.S. Dist. LEXIS 218356, at *9−11 (E.D. Va. Nov. 10, 2021) (citing *Paragon Servs., Inc. v. Hicks,* 843 F. Supp. 1077, 1079 (E.D. Va. 1994) (observing that under the doctrine of *res judicata,* "parties may

(Am. Compl. at 3 [ECF No. 13].) Parks states that he "was never allowed to speak and was unlawfully convicted of [the] misdemeanor" offense. Parks also asserts that when he was "at court for the unlawfully issued urine screen," defendant attorney Haugh told defendant Judge Lowe that Parks was "unhappy [with his] court appointed att[orney] and would like to hire [his] own." (*Id.*) Parks claims that Judge Lowe "looked at [Commonwealth's Attorney] Evans and said[,] 'What do you think?' [and] Evans replied[,] 'I think he's trying to run from it. Trying to put it off as long as he can,' [and Judge] Lowe stated, 'We're proce[e]ding today.'" (*Id.*)

Parks also asserts that in 2003, defendants Sheriffs Bradley (of Smyth County) and Oakes (of Wise County) "conspired to violate [his] First [and] Eighth Amend[ment rights] when [they] transferr[ed him] to Wise Co[unty], solely to be taunted by guards and inmates extensively for [five] days. (*Id.*)

Finally, Parks claims that in 2003, defendants former Smyth County Deputies Neal and McKinnon "violated his First and Eighth] Amend[ment rights] when [they] extensively injur[ed his] spinal cord [and] refus[ed] to give [him] requisite grievances." (*Id.* at 4.)

As relief, Parks seeks $1,250,000,000,000.00.[2] Parks's complaint is before the court for review under 28 U.S.C. § 1915(e)(2).

---

not attempt to relitigate claims which were *or could have been* raised in an earlier suit where a final judgment on the merits was reached").

[2] Parks has also filed "additional evidence" clarifying that the defendants were all acting under color of state law "at the time of [the] offenses." (ECF Nos. 15 & 16.)

## II.

Based on his own allegations, Parks's claims accrued in 2002 and 2003. But he did not file this action until June 6, 2022, nearly 20 years later.[3] The court concludes that Parks's claims are barred by the statute of limitations and, therefore, will dismiss Parks's complaint.

Parks brings his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Personal injury actions in Virginia must be commenced within two years from the date on which the claim accrues. Va. Code § 8.01-243(A). "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). When the court finds it clear from the face of the complaint that the plaintiff's claims are time-barred and he filed his lawsuit *in forma pauperis*, as Parks has done, the court may summarily dismiss the action as frivolous under § 1915(e)(2)(B)(i). *Id.* at 956 (applying earlier version of 28 U.S.C. § 1915(d)).

Here, it is clear from the face of Parks's complaint that his claims accrued in 2002 and 2003. Parks provides no explanation for his nearly 20-year delay in filing this action. And the

---

[3] Parks signed his complaint on June 6, 2022, and presumably gave it to prison officials to be mailed to the court the same day and, thus, is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

court finds no basis to toll the statute of limitations that would make his complaint timely.[4]

Accordingly, the court finds that Parks's claims are barred by the statute of limitations.

### III.

For the reasons stated, the court will dismiss Parks's complaint as frivolous under § 1915(e)(2)(B)(i).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Parks.

**ENTERED** this 18th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[4] While there are circumstances in which the statute of limitations can be tolled in a § 1983 action (for example, during the exhaustion of the grievance process, *see Battle v. Ledford*, 912 F.3d 708, 720 (4th Cir. 2019)), as with any equitable tolling, it only applies when the prisoner shows "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Fauconier v. Clarke*, 966 F.3d 265, 275 (4th Cir. 2020) (quoting *Battle*, 912 F.3d at 718) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Parks has made no such showing here.